## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

JOHNATHAN JOHNSON,

      Plaintiff,

                            CASE NO.:

vs.

NORFOLK SOUTHERN RAILWAY
COMPANY,

      Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, NORFOLK SOUTHERN RAILWAY COMPANY (hereinafter "Norfolk Southern") pursuant to 28 U.S.C. §§ 1441, 1446, hereby removes this action from the Circuit Court for the Fourth Judicial Circuit in and for Duval County, Florida to the United States District Court for the Middle District of Florida on the ground that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. In support thereof, Norfolk Southern states the following:

## BACKGROUND

1.      On February 7, 2022, Plaintiff Johnathan Johnson filed this case in the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida,

1

styled <u>Johnathan Johnson v. Norfolk Southern Railway Co.</u>, Case No. 16-2022-CA-000721-XXX-MA ("the State Court Action"), naming Norfolk Southern as the sole defendant. <u>See</u> Pl. Compl. (Ex. A).

2. Norfolk Southern attaches to this Notice of Removal all pleadings, process, orders, and other filings served on Norfolk Southern in the State Court Action, as required by 28 U.S.C. § 1446(a). A copy of Plaintiff's Complaint is attached as Exhibit A; the State Court Action Civil Coversheet is attached as Exhibit B; a copy of summons is attached as Exhibit C; the returned summons indicating service of process is attached as Exhibit D; and the docket and remaining documents are attached as Exhibit E.

3. Norfolk Southern was served the Complaint from the State Court action on February 11, 2022. <u>See</u> Return of Service.

4. The Notice of Removal is filed within the thirty (30) day period provided under 28 U.S.C. § 1446(b) and therefore timely.

5. Promptly after the filing of this Notice of Removal, written notice will be given to the Plaintiff and the Clerk of Court for the State Court Action, as required by 28 U.S.C. § 1446(d).

6. Venue in this removal action is proper pursuant to 28 U.S.C. § 1441(a) because the Circuit Court where the State Court Action was filed is located

within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

7. Removal is proper under 28 U.S.C §§ 1332, 1441, and 1446 because this case alleges a cause of action in which: (a) the matter is between citizens of different states and (b) the amount in controversy exceeds $75,000.00. See 28 U.S.C § 1332.

## CITIZENSHIP OF THE PARTIES

8. In the State Court Action, Plaintiff pled that Norfolk Southern is a "Foreign Profit Corporation." Pl. Compl. at ¶ 3 (Ex. A). Norfolk Southern is a Virginia Corporation with its principal place of business and headquarters located in Georgia.

9. Plaintiff has alleged in the State Court Action that he is an individual who resides in Jacksonville, Duval County, Florida. As such, Plaintiff is a Florida citizen for diversity purposes pursuant to 28 U.S.C § 1332(c).

10. There is complete diversity between Plaintiff and Norfolk Southern.

## AMOUNT IN CONTROVERSY

11. Plaintiff has alleged in the State Court Action that his damages exceed the jurisdictional amount of $30,000 but does not specify the precise amount of damages that he seeks. See Pl. Compl. at ¶ 1.

12. On the Civil Coversheet that accompanied Plaintiff's Complaint in the State Court Action, Plaintiff's counsel certified to the best of his knowledge and belief that the amount of the claim is greater than $100,000.00. See Civil Coversheet at p.1.

13. In his Complaint, Plaintiff alleges that he suffered bodily injury, pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity of enjoyment of life, medical expenses, past wage loss, and loss of future earning capacity. Plaintiff also alleges that he suffered permanent injuries that are continuing in nature and which will need future medical treatment. See Pl. Compl. at ¶ 11.

14. On or about September 30, 2021, Plaintiff's counsel served a letter on counsel for Norfolk Southern offering to resolve the case for three-hundred and fifty thousand dollars ($350,000.00). See 09/30/2021 Demand Letter at p. 3-4 (Ex. F). In this letter, Plaintiff's counsel provided that Plaintiff suffered "serious permanent and debilitating injuries," including a left ankle fracture and a left elbow fracture. Id. at p. 1-2.

15. In his letter, Plaintiff claimed that he incurred "a significant amount of medical bills," which included but was not limited to, medical expenses totaling twenty-three thousand two-hundred twenty-nine dollars and fifty-three cents ($23,229.53). Id. at p. 2. Further, Plaintiff, who is thirty-seven (37) years old,

alleges that he "will continue to require medical care and treatment for his injuries" and projects annual physical therapy costs between one-thousand five-hundred dollars ($1,500.00) to three-thousand dollars ($3,000.00) and annual pain management costs between three-thousand dollars ($3,000.00) to five-thousand dollars ($5,000.00). Id.

16. Additionally, Plaintiff claims that he incurred eighteen-thousand, four-hundred sixty-six dollars and twenty-five cents ($18,466.25) in loss wages as a result of the alleged incident. Id. at p. 3. Plaintiff also claims that his work as a truck driver "places added stress on his ankle and elbow injuries" and, in his Complaint, alleges that he will suffer a loss of future earning capacity. See id; see Pl. Compl. at ¶ 11.

17. In addition to the itemized past economic damages, Plaintiff claims that he struggles "to assist with even the simplest chores" at home. See Demand Letter at p. 3. Plaintiff also claims that "[h]e cannot sit or walk for any length of time without pain." Id. Further, Plaintiff claims he has "persistent pain" and is unable to enjoy many of the activities in which he previously participated. See id. at p. 2; see Pl. Compl. at ¶ 11.

18. According to Plaintiff's letter, he has past economic damages of at least forty-one thousand six-hundred ninety-five dollars and seventy eight cents

($41,695.78).[1] See Demand Letter at p. 2. Plaintiff also projects annual future medical expenses between forty-five hundred dollars ($4,500.00) and eight-thousand dollars ($8,000.00) for pain management and physical therapy. Id.

19.   In a Notice of Removal, the amount of controversy is met if, based on a preponderance of the evidence, the amount exceeds $75,000. Wineberger v. Racetrac Petroleum, Inc., 672 Fed. App'x 914, 916 (11th Cir. 2016). District courts may "make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case . . . establishes the jurisdictional amount." Id. at 917 (internal quotation omitted). Additionally, "courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." Roe v. Michelin N. Am., 613 F.3d 1058, 1062 (11th Cir. 2010).

20.   A court may consider a demand letter to determine whether a case is removable. See, e.g., Short v. State Farm Mut. Auto. Ins. Co., 2013 U.S. Dist. LEXIS 137911 (M.D. Fla. Sept. 25, 2013); Ralph v. Target Corp., 2009 U.S. Dist. LEXIS 99398 (M.D. Fla. Sept. 30, 2009). Generally, courts have given more weight to demand letters that provide specific information as to a plaintiff's claim

---

[1] Plaintiff provided that he may have additional past medical expenses that were not itemized in the letter. See Demand Letter at p. 2.

for damages. See, e.g., Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp 2d 1279, 1281 (S.D. Ala. 2009).

21.   Here, Plaintiff's demand letter, in combination with his Complaint and Civil Coversheet, provide sufficient evidence from which this Court can determine, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. While Plaintiff did not identify the specific amount of damages that he is seeking in his Complaint, he certified to the State Court that the claim was greater than one-hundred thousand dollars ($100,000.00) and offered to resolve the case for three-hundred and fifty-thousand dollars ($350,000.00). See Civil Coversheet; see Demand Letter at p. 3. Further, Plaintiff itemized past economic damages of at least forty-one thousand six-hundred ninety-five dollars and seventy eight cents ($41,695.78) and claims that he suffered permanent injuries that are continuing in nature which will need future medical treatment. See Demand Letter at p. 2-3; see Pl. Compl. at ¶ 11. Therefore, the jurisdictional amount in controversy requirement is satisfied.

## CONCLUSION

22.   Because complete diversity exists between Plaintiff and Norfolk Southern and the amount in controversy alleged exceeds the jurisdictional amount set by 28 U.S.C § 1332(b), the prerequisites for removal under 28 U.S.C. § 1441 have been met and this Court is vested with subject matter jurisdiction.

7

23. This case is removed subject to and without waiver of any challenge that Norfolk Southern may have as to any claims or defenses, all of which are expressly reserved.

24. Norfolk Southern respectfully reserves the right to amend or supplement this Notice of Removal as may be appropriate.

WHEREFORE, Norfolk Southern Railway Company removes this entire action from the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida to the United States District Court for the Middle District of Florida, Jacksonville Division.

                Respectfully Submitted,

                /s/ *Jeffrey A. Yarbrough*
                Andrew J. Knight II
                Florida Bar No. 362646
                Jeffrey A. Yarbrough
                Florida Bar No.: 14892
                MOSELEY PRICHARD PARRISH KNIGHT & JONES
                501 West Bay Street
                Jacksonville, Florida 32202
                Primary e-mail: ajknight@mppkj.com
                Primary e-mail: jyarbrough@mppkj.com
                Secondary e-mail: jpinkham@mppkj.com
                Telephone: (904) 356-1306
                Facsimile: (904) 354-0194
                Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I CERTIFY that a copy of the foregoing has been furnished to Matthew T. Roach, Attorney for Plaintiff, by electronic mail at the designated email service addresses of: mroach@harrellandharrell.com, sjarrard@harrellandharrell.com and spike@harrellandharrell.com this 18th day of February, 2022.

/s/ *Jeffrey A. Yarbrough*
Attorney for Defendant