|  |  |
|---|---|
| | IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA |
| JOHNATHAN JOHNSON, an individual, | CASE NO.: |
| Plaintiff, | DIVISION: |
| vs. | |
| NORFOLK SOUTHERN RAILWAY CO., a Foreign Profit Corporation, | |
| Defendant._____/ | |

# COMPLAINT

Plaintiff, JOHNATHAN JOHNSON, an individual, sues Defendant, NORFOLK SOUTHERN RAILWAY CO., a Foreign Profit Corporation, and avers as follows.

1. This is an action for damages in excess of $30,000, exclusive of attorneys' fees, interest and costs, and Plaintiff hereby demands a trial by jury. Although, to file this Complaint, the undersigned counsel is being required by Order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a dollar figure as an estimated amount of claim for data collection and clerical processing purposes only. The full monetary value of the damages suffered by Plaintiff is yet to be determined and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 22, Florida Constitution.

2. At all times material hereto, Plaintiff, Johnathan Johnson, resided in Jacksonville, Duval County, Florida.

3. At all times material hereto, Defendant, Norfolk Southern Railway Co., was a Foreign Profit Corporation, conducting business in and having offices, agents, and representatives in Jacksonville, Duval County, Florida.

4. At all times material hereto, Defendant owned, maintained, controlled, and had possession of property located at 6098 Soutel Dr., in Jacksonville, Duval County, Florida, operating as a railyard.

5. On March 10, 2021, Plaintiff visited Defendant's property, referenced above, as a business invitee, picking up a delivery for his employer, United Parcel Service.

6. On that date, immediately upon exiting his vehicle, Plaintiff stepped onto an uneven and missing section of pavement in the parking area near his vehicle, causing him to fall and suffer serious injury.

7. This defective, dangerous, and poorly maintained parking area was a tripping hazard which was caused/created by Defendant's employees/agents, or was allowed to remain a tripping hazard by Defendant's employees/agents.

8. Defendant had a non-delegable duty to maintain its property in a reasonably safe condition, and to protect others from foreseeable risks of harm through the use of reasonable care, but failed to do so.

9. Defendant knew, or in the exercise of reasonable care should have known, that its breach of one or more of the following duties would cause injuries to a person, including Plaintiff:

   a) failure to maintain its premises in a reasonably safe condition;

   b) failure to inspect the premises for any dangerous conditions and/or tripping hazards;

      c)      failure to correct any dangerous conditions and/or tripping hazards on its premises;

      d)      Defendant knew or should have known of the dangerous, hazardous and unsafe condition created by its negligence, and its knowledge of the hazardous condition was greater than that of Plaintiff;

      e)      failure to warn Plaintiff of the dangerous, hazardous and unsafe condition of the property;

      f)      failure to remedy, correct, or take reasonable precautions to minimize or eliminate the likelihood of the existence of a dangerous condition that it knew, or through the exercise of reasonable care, should have known existed;

      g)      failure to implement reasonable measures to maintain the subject property;

      h)      failure to exercise reasonable care in its ownership, use, maintenance, and/or control of the subject property;

      i)      failure to maintain and/or repair the subject parking area;

      j)      failure to have in place policies and procedures for ensuring that proper inspections, repairs, and warnings were conducted/given;

      k)      failure to utilize a caution sign(s)s in the parking area warning visitors/invitees of the dangerous condition;

      l)      failure to take any action to reduce, minimize, or eliminate foreseeable risks before they manifest themselves.

      10.      Plaintiff's severe injuries were reasonably foreseeable consequences of Defendant's negligence.

11.     As a direct and proximate result of the foregoing negligence of Defendant, Plaintiff suffered bodily injury and resulting pain and suffering, disability, disfigurement, scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of past wages and future earning capacity, and aggravation of a previously existing condition. The losses are either permanent or continuing, and Plaintiff will suffer these losses in the future.

**WHEREFORE**, Plaintiff, Johnathan Johnson, demands judgment against Defendant, Norfolk Southern Railway Co., for damages, costs, and all other relief this Court deems just.

**Plaintiff demands a jury trial.**

Dated this 7th day of February, 2022.

HARRELL & HARRELL, P.A.

/s/ *Matthew T. Roach*
—DocuSigned by:
A92581C8A1AF499...

**MATTHEW T. ROACH**
Florida Bar No: 0247730
4735 Sunbeam Road
Jacksonville, FL 32257
Tel: (904) 251-1111
Fax: (904) 251-1110
Attorneys for Plaintiff
Primary Email:
mroach@harrellandharrell.com
Secondary Emails:
sjarrard@harrellandharrell.com
spike@harrellandharrell.com